Scott, J.
It is clear that the rights and interests of the plaintiffs in error, in the property which they, as creditors of Stephens & Bro., caused to be attached, can be no greater than those of their alleged debtors, Stephens & *214 •Bro. They could attach only the interest of their debtors, in the property, and in this controversy must stand in their shoes. Now, for whom was the pork in question held by the carrier at the time of the levy of the attachment ? It had been delivered by Stephens & Bro. to the carrier for transportation to Cincinnati and delivery to the consignee, H. H. Vessel & Co. By the express terms of their bill of lading, it was the duty of the carrier to deliver it only to the consignee named therein. By the.invoice and letter of advice sent to the consignees, immediately before the shipment, it is very clear that the consignors had appropriated the pork shipped and the net proceeds of its sale to the partial discharge of their indebtedness to the consignees, for cash previously advanced. They expressly say : “ we deliver you this load on our indebtedness.”
The consignors of this shipment had not only the right, but, under their contract with the consignees, it was their duty so to appropriate it.
The relation of the parties to this shipment differed in no substantial respect from that of the case in which goods are shipped by a ven dor to a purchaser, who has previously ordered and paid for them. And in such a case it is well settled that the delivery of goods to a common carrier for conveyance to the purchaser is equivalent to a delivery to the purchaser himself. The carrier is, in that case, in contemplation of law, the bailee of the person to whom, not by whom, the goods are sent; the latter, in employing the carrier, being considered as the agent of the former for that purpose. Benj. on Sales, sec. 181, and the numerous authorities there cited. By the terms of the letter of advice, in this case, there can be no doubt that Stephens & Bro., by delivering the pork to the carrier, intended thereby to invest the consignees, Vessel & Co., with the full and rightful possession, and the absolute jus disponendi of the property, for the purposes of their contract.
They intended to retain no interest even in the proceeds of its sale, other than the right to have the net amount applied in partial satisfaction of their indebtedness to the *215 consignees. And to this intention a controlling effect must be given. Emery’s Sons v. Irving National Bank, 25 Ohio St. 360.
It is claimed, however, by counsel for plaintiff in error, that, irrespective of the intention of Stephens & Bro,. in their shipment of the pork, by taking the bill of lading in their own name, and retaining its possession, they reserved for themselves the power to dispose of the property, and vest the title thereto in any bona ficle purchaser by a simple delivery of the bill of lading, and that they, therefore, remained the owners of the property, in contemplation of law, until it came to the actual possession of the consignees. But we think this position can not be maintained. A bill of lading, though transferable by delivery, like commercial paper, “is unlike commercial paper in this — the assignee can not acquire a better title to the property thus symbollically delivered, than his assignor had at the time of assignment.” Emery’s Sons v. Irving National Bank, supra, p. 368; Benj. on Sales, sec. 864.
Hence, as Stephens & Bro., under the circumstances of this casé, had parted with all right of control ovér the property in question, they could confer no such right on another by a transfer of the bill of lading.
¥e think the evidence in the case shows that at the time of the levy of the attachment, the property in question was constructively in the possession of defendant in error, who had the full and sole power of disposition over it, and the right to retain the proceeds of its sale.
The authorities cited by counsel for defendant in error fully sustain these views, and justify us in saying that the judgment of the court below must be affirmed.

Judgment affirmed.